IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>BRETT RODGERS, )<br>)<br>Defendant. ) | Criminal No. 18-00152-7 |

**<u>Memorandum Order on Motion to Reduce Sentence</u>**

Defendant Rodgers has filed a pro se motion seeking the Court to vacate his sentence, release him from prison, and expunge his criminal record pursuant to 18 U.S.C. § 3582(c)(1)(A)—the statute which provides for compassionate release. Doc. 2106.

18 U.S.C. § 3582(c)(1)(A) states that a sentencing court may modify or reduce a defendant's sentence if it finds, in relevant part, that "extraordinary and compelling reasons warrant such a reduction." However, the Court may only consider Defendant's motion if he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id.

Defendant's motion is DENIED because, critically, he has not demonstrated that he either (1) fully exhausted his administrative remedies with the Bureau of Prisons or (2) waited thirty (30) days to file the instant motion from the date his administrative request was filed with the warden. In fact, he has not made any showing that he submitted a request to the warden of the facility where he is being detained. As a result, it must be denied for failure to comply with the

exhaustion requirement of § 3582(c)(1)(A). *See Raia*, 954 F.3d at 597 (mandating "strict compliance" with § 3582(c)(1)(A)'s exhaustion requirement).  The Court is without jurisdiction to consider his arguments on the merits, although the Court also notes that Section 3582 is not the proper procedural mechanism to consider the validity or legality of his sentence.

Were this Court to construe this motion to reduce sentence as a motion to vacate sentence pursuant to § 2255, see *United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012), it would also be denied.  Defendant Rodgers waived his right to file a collateral attack on his conviction under § 2255 under the clear terms of his plea agreement, Doc. 412-1, at 2.  Furthermore, a § 2255 motion is time-barred because such motions have a strict one (1) year period of limitation that runs from the date on which the judgment of conviction became final. In this case, the judgment became final on July 23, 2019. See 28 U.S.C. § 2255(f); Doc. 1254, at 7.  Defendant Rodgers's motion was filed on April 21, 2026 and is therefore over five (5) years outside that period of time.  Finally, the instant motion, were it to be construed as a motion to vacate, would also be considered a second, successive petition because it raises claims that could have been raised at the time of the prior petition to vacate, on October 5, 2020. ECF No. 1219.

For these reasons, the instant Motion (Doc. 2106) is DENIED.


s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:    All ECF-registered counsel of record

Defendant Rodgers, Pro Se (address of record)